IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                          No. CR 99-904 LH

DARREN HOWELL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Release Pending Appeal (Docket No. 156), filed May 18, 2001. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the motion shall be **denied**.

Defendant seeks release pending the appeal of his sentence in this case pursuant to 18 U.S.C. §§ 3143(b) and 3145(c). Section 3143(b) requires that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal, be detained, unless the Court makes the following findings. First, the Court must find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(b)(1)(A). Second, the Court must find that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal,

an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B). The Court must make these same findings to permit release under § 3145(c).[1]

A "substantial question" of law or fact is a close question, fairly debatable, or one that very well could be decided the other way. *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985). Whether a decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. *Id.* at 953, *quoting United States v. Miler*, 753 F.2d 19, 23 (3rd Cir. 1985). A court may find that reversal or a new trial is "likely" only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial, that is, the question is not considered harmless or having no prejudicial effect. *Id.*

Defendant cites four grounds for appeal of his conviction. (Mot. for Release Pending Appeal at 2.) The first ground for appeal is the Court's denial of a motion for new trial based upon newly discovered evidence. *Id.* The Court denied that motion because the newly discovered evidence would merely be impeachment and would not have been material to the central issue of the case (*See* Order, Docket No. 118, filed March 9, 2001.)

---

[1] In addition to the § 3135(b)(1)(B) findings, it must be clearly shown that there are exceptional reasons why such person's detention would not be appropriate to permit release under § 3145(c).

The second ground for appeal is that Defendant's claim that the Court prevented Defendant from adequately confronting and cross-examining the inmate witnesses presented against him at trial, particularly with regard to the specifics of their past criminal conduct. (Mot. for Release Pending Appeal at 2.) Such cross-examination, while perhaps impeaching, would not have been integral to the merits of the conviction on which Defendant is to be imprisoned.

Defendant's third ground for appeal is the Court's allegedly "erroneous" instruction given to the jury in the form of an "*Allen* charge." (Mot. for Release Pending Appeal at 2.) The *Allen* charge was given to the jury at 9:17 a.m. on a Monday, after they had deliberated a little over two days and indicated that they were unable to agree unanimously on the verdict. Approximately an hour and a half after being given the *Allen* charge, the jury returned a verdict finding Defendant guilty of both counts. The charge given to the jury was a "modified" *Allen* charge in that it asked each juror, rather than only those in the minority, to carefully reconsider the evidence. In addition, the *Allen* charge clearly instructed each juror not to surrender his or her honest conviction as to the weight or effect the evidence solely because of the opinion of their fellow jurors, or for the mere purpose of returning a verdict. *See United States v. Arney*, 248 F.3d 984, 987-90 (10th Cir. 2001)(modified *Allen* charge not impermissibly coercive where it clearly emphasized that no juror should surrender his or her conscientious convictions, and court gave instruction at 5:30 at night after jury indicated it was deadlocked after approximately four hours of deliberation, and deliberated for approximately one hour after receiving the Allen instruction).

The fourth and final ground for appeal is Defendant's claim that the Court erroneously allowed the Government to present Fed. R. Evid. 404(b) evidence related to other alleged uncharged beatings supposedly arranged by Defendant. (Mot. for Release Pending Appeal at 2.) Fed. R. Evid.

404(b) permits the admission of evidence regarding other crimes, wrongs or acts, and the jury was instructed on how it may consider evidence of similar acts under Fed. R. Evid. 404(b).

I conclude that none of Defendant's four grounds for appeal present substantial questions of law or fact likely to result in reversal or an order for a new trial.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Release Pending Appeal (Docket No. 156), filed May 18, 2001, is **denied.**

_____
**UNITED STATES DISTRICT JUDGE**